941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kermit OWENS, Plaintiff-Appellant,
v.
DISABLED AMERICAN VETERANS, Defendant-Appellee.
 No. 91-3216.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 1
 Before BOYCE F. MARTIN, and DAVID A. NELSON, Jr., Circuit Judges, and JARVIS, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio plaintiff appeals the district court's entry of judgment following a jury verdict in favor of defendant. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Kermit Owens sought temporary and permanent injunctions barring defendant Disabled American Veterans (DAV) from representing him in proceedings before the Veterans Administration. Owens also sought monetary damages based on unauthorized representation and negligence.
 
 
 4
 As a defense, DAV asserted that its authority to represent Owens was derived from compliance with a federal statute and its corresponding regulation.
 
 
 5
 The matter proceeded to a jury trial. The jury found in favor of defendant in all regards.
 
 
 6
 On appeal, Owens argues only that the district court erred by failing to apply state law concerning valid powers of attorney.
 
 
 7
 Upon review, we conclude that federal, not state law, is controlling. Requirements for a valid power of attorney to authorize representation before the Veterans Administration are found in 38 U.S.C. § 3402 and 38 C.F.R. § 14.631. Because congress has expressed an intent to preempt state law and to regulate exclusively in this field, cf. Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 485-86 (1981), the law to be applied is federal law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).
 
 
 8
 Accordingly, the district court's entry of judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, U.S. District Judge for the Eastern District of Tennessee, sitting by designation